█ CLARENCE GOMILLION, Appellant, v. STATE OF NEW YORK, Respondent. — Motion for permission to proceed as a poor person denied, without costs and without prejudice to its renewal on notice to all interested parties (CPLR 1101, subd. [c]). Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur.

## (March 15, 1967)

█ In the Matter of the Claim of CHARLES WERSBA et al., Appellants. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— AULISI, J. Appeal from a decision of the Unemployment Insurance Appeal Board disqualifying claimants from benefits on the ground that there was a lack of total unemployment. Claimants are husband and wife. Both are in their 70's and receive Social Security. After apparently retiring from his hosiery business, the husband Charles, worked selling ice cream and other products from a truck. For several years he operated the business which was variously called self-employment by Charles, sole owner by Sally, his wife, and a partnership. The truck, the only apparent asset, was in Sally's name because of judgments against Charles. In March, 1964 they incorporated the alleged employer, Rockland Ice Cream Corporation. The sole stockholder and officer was claimants' son, Morton Wersba. The original cash investment made by him was $735. Sally sold the truck to her son for $750 and this was used by the corporation as claimants had used it before. The date of the transfer was in March. During June the corporation started to buy merchandise according to the testimony and both claimants commenced to draw salaries of $100 per week at this time. These payments continued for a period of exactly 20 weeks, the minimum eligibility period. No other money was taken out of the business by anyone else and there were no other employees. The business was operated out of claimants' garage. Charles drove the truck and did the selling with his wife helping him on weekends. Sally also bought supplies; received the purchases; loaded the truck; and kept the books. The son was employed full time by a manufacturing corporation as an engineer. His duties in connection with the alleged employer are said to have been checking the freezers and signing checks. The board correctly found that the corporate business was, in reality, merely a continuation of claimants' self-employment and further that claimants were not totally unemployed while awaiting their seasonal activity. The system set up to protect wage earners who are unemployed through no fault of their own was not meant to include the payment of benefits to self-employed persons and analogous corporate officials who are idled by seasonal inactivity and we have so held in affirming the Appeal Board (see, e.g., *Matter of Vasquenz* [*Catherwood*], 26 A D 2d 859; *Matter of Reitman* [*Catherwood*], 27 A D 2d 678). Claimants operated the same business as before and both drew salaries for exactly 20 weeks, without indication whether the employer was operating profitably or not. Such a scheme and pure subterfuge to obtain benefits cannot be sustained. Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum by Aulisi, J.