■ In the Matter of the Claim of SAM COLELLA, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 19, 1979, which, upon reopening and reconsideration, rescinded its decision of June 4, 1979 and denied claimant benefits on the ground that he was not totally unemployed. The claimant has been employed by a paving company for 30 years. He had worked for no other employer in the last eight years. In 1964, a corporation controlled by claimant and two other relatives purchased the business of the paving company for $18,000. Each is an equal owner. Claimant is president of the corporation. While the corporation is active, he works for it as an equipment operator, at a wage of $5.75 per hour. He receives no other pay from the corporation. He is not authorized to sign checks drawn on the corporate account. He does not solicit business for the corporation and does not do any office work. Claimant's home address is also the mailing address for the corporation. Claimant was laid off November 15, 1978 due to lack of work resulting from the corporation discontinuing operation for the winter season. Claimant filed an original claim for benefits effective December 4, 1978. By initial determination claimant was denied benefits on the ground that he was not totally unemployed within the meaning of section 522 of the Labor Law. On February 5, 1979, the Administrative Law Judge, in a decision, upheld the initial ruling. The Administrative Law Judge found that: (1) Claimant received no remuneration from the corporation other than his hourly wage. (2) Claimant took no business deductions from his income tax for any part of his home used for business. (3) In the off season the business telephone is disconnected, plates are removed from the corporation's vehicles and the insurance is canceled. The Administrative Law Judge sustained the determination, citing *Matter of Wersba (Catherwood)* (27 AD2d 890). The decision of the Administrative Law Judge was reversed by the Unemployment Insurance Appeal Board on June 4, 1979, ruling that claimant was totally unemployed. The appeal board found that the corporation was completely dormant during the period in issue, and that claimant rendered no services and received no remuneration. The board cited as authority *Matter of Farr (Catherwood)* (28 AD2d 1168). Subsequently, two

unemployment insurance investigators contacted and interviewed claimant at his home. Evidence adduced from claimant at this time became the basis for the appeal board's reopening of the matter, and subsequent reversal. The appeal board states it did not rely upon any evidence obtained or submitted after June 4, 1979. This includes the evidence and testimony presented at the subsequent July 2, 1979 hearing held on reopening. Despite this consideration, the appeal board did rely on the July 2, 1979 hearing in making its final determination in this matter of July 19, 1979. At the hearing held on July 2, 1979, Ralph Boston and Robert Milne, the unemployment insurance investigators, and claimant testified. Milne's testimony provides no substantial evidence, or any evidence at all, to support a finding that claimant was not totally unemployed for the period in issue. Boston testified that claimant was not totally unemployed, "Because of the fact that he is on-going officer, a stockholder and also has his health insurance paid by the corporation on a year-round basis". Claimant's testimony reiterated his testimony at the hearing of January 31, 1979 and, in addition, his 11-page affidavit taken on June 13, 1979 added no new evidence to his sworn testimony. Claimant specifically testified that the corporation's trucks were unlicensed during the winter months, except the pickup truck which was not used, and that the insurance on all the trucks was canceled during this period. The appeal board rendered its second opinion on July 19, 1979, reversing the board's previous decision of June 4, 1979, and held claimant was not totally unemployed and denied his benefits. The board found, in its July 19, 1979 decision, that claimant remained on the payroll year round; that he spread his income over the entire year; that the corporation paid claimant's personal telephone bills; and that the registration and insurance on the corporate vehicles were continued the year around. These findings are not supported by any evidence. The board also relied on *Matter of Wersba (Catherwood) (supra)*. In the *Wersba* case, the claimants had operated a business as a partnership for several years, selling ice cream from a truck. They formed a corporation to carry on the business and after incorporation they continued on the payroll of the corporation for a period of exactly 30 weeks, the minimum eligibility period. The board found that the corporate business was, in reality, a continuation of claimants' self-employment and, further, that they were not totally unemployed while awaiting their seasonal activity. This court stated (27 AD2d 890) that "The system set up to protect wage earners who are unemployed through no fault of their own was not meant to include the payment of benefits to self-employed persons and analogous corporate officers who are idled by seasonal activity". This holding has absolutely no application to the instant case. The decision of the appeal board on June 4, 1979 was supported by substantial evidence and should not have been overruled *(Matter of Farr [Catherwood], supra)*. Decision of July 19, 1979 reversed, without costs; decision of June 4, 1979 reinstated, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Kane, J. P., Staley, Jr., Mikoll, Casey and Herlihy, JJ., concur.